People v Logvinsky (2024 NY Slip Op 24137)

[*1]

People v Logvinsky

2024 NY Slip Op 24137

Decided on May 6, 2024

County Court, Monroe County

Dollinger, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 6, 2024
County Court, Monroe County

The People of the State of New York

against
Konstantin Logvinsky, Defendant.

SMZ-70837-24

For the People:
SANDRA DOORLEY, ESQ.
Monroe County District Attorney
By: ARMANDO BENITEZ, ESQ.
Assistant District Attorney
47 S. Fitzhugh Street
Rochester, New York 14614
For the Defendant:
DAVID STERN, ESQ.
Time Square Building
45 Exchange Boulevard
4th Floor
Rochester, New York 14614

Michael L. Dollinger, J.

Defendant moves pursuant to Criminal Procedure Law (CPL) 530.30[1], for an order releasing him on his own recognizance. On March 8, 2024, the Greece Town Court (Crowder, J.) remanded the defendant to the custody of the Monroe County Sheriff without bail, pursuant to CPL 530.20[1][b], on charges of criminal mischief in the third degree, which is non-qualifying felony offense.
Applications pursuant to CPL 530.30[1], commonly referred to in Monroe County as a "County Court Part 1 application" or "bail application", allow defendants to ask a superior court judge to review and alter a securing order issued by a local criminal court when the local court: "(a) Lacks authority to issue an order, pursuant to the relevant provisions of section 530.20 of this article; or (b) Has denied an application for recognizance, release under non-monetary conditions or bail; or (c) Has fixed bail, where authorized, which is excessive; or (d) Has set a securing order of release under non-monetary conditions which are more restrictive than [*2]necessary to reasonably assure the defendant's return to court." (CPL 530.30[1]).
At arraignment, defendant argued for release on his own recognizance or release with non-monetary conditions. The People argued that the Court could not release the defendant because he has two or more prior felony convictions and is now charged with a felony. There were no other circumstances to elevate this to a qualifying offense. The Greece Town Court found that it could "not order recognizance or bail when the defendant has two previous felony convictions" (CPL 530.20[2][a][ii]).
Defendant, now in custody and held without bail for a non-qualifying offense, brings an application for this Court to review the lower court's decision to remand him without bail. The parties agree that CPL Section 510.10[3] mandates that the defendant be released on recognizance or non-monetary conditions because he is not charged with a qualifying offense. For the reasons that follow, the Court finds that jurisdiction exists for a bail application only under CPL 530.30[1][b].
At the bail application on Friday March 8, 2024, this Court issued an oral decision on the record releasing the defendant on his own recognizance because he was not charged with a qualifying offense and therefore his release is mandated by CPL 510.10[3]. This written decision follows to clarify and resolve the conflict in statutory language that leads to the anomalous result in this and other similar cases. 
The conflict arises in cases, like this one and many others, where a defendant is alleged to have two prior felony convictions but is not charged with a qualifying offense. The arraignment in local criminal court is governed by Criminal Procedure Law 530.20. On one hand, the clear language of CPL 530.20[2][a][ii] states that "a city court, a town court or a village court may not order recognizance or bail when the defendant [charged by felony complaint] has two previous felony convictions" (emphasis added). On the other hand, the clear language of CPL 530.20[1][a] states that, for non-qualifying offenses, "the court shall release the principal pending trial on the principal's own recognizance or release the principal pending trial under non-monetary conditions, the determination for which shall be made in accordance with [CPL 510.10[1]]" (emphasis added).
In 2019, the New York State Legislature enacted, and the Governor signed into law, a number of statutory changes, collectively known as "Bail Reform." CPL 530.20[1][a] is one of the bail reform statutes of 2019 that went into effect January 1, 2020. Notably, none of the bail reform statutes addressed the conflict between CPL 530.20[1][a] and 530.20[2][a][ii]. 
Therefore, since January 1, 2020, a local criminal court judge arraigning a double predicate felon charged with a non-qualifying felony offense, is confronted with one statute that says that they must hold the defendant without bail (CPL 530.20[2][a][ii]) and another statute that says that they must release a defendant if they are not charged with a qualifying offense (CPL 530.20[1][a]). 
This exact conflict was considered and decided in People ex rel Bradley v Baxter, 79 Misc 3d 988 [Sup Ct, Monroe County 2023]. That case originated as an Article 78 proceeding at the Appellate Division, Fourth Department seeking a writ of habeas corpus on the ground that petitioner's pretrial detention for a non-qualifying felony was prohibited. However, after the petitioner was released, the Appellate Division found that the exception to the mootness doctrine applied and converted the matter to a declaratory judgment action and transferred the matter to the Supreme Court, Monroe County. 
In Bradley, the Supreme Court thoroughly and thoughtfully addressed the conflicting [*3]statutes, the principles of statutory interpretation, and the legislative history of bail reform in making its declaratory judgment. The Supreme Court concluded that "the double predicate rule (CPL 530.20[2][a][ii]) must be interpreted to apply only to qualifying offenses" (Id. at 1003). I agree. 
I find Bradley to be persuasive in my analysis of the legislative intent behind the enaction of Bail Reform. This analysis also aligns with the finding of the Report of the Advisory Committee on Criminal Law and Procedure to the Chief Administrative Judge of the Courts of the State of New York that examined the double predicate statute's original legislative intent. That report states that the "Legislature never intended that these courts be stripped of the jurisdiction to set bail unless a defendant's prior felony convictions could be used for life imprisonment sentences" (2022 Rep of Advisory Comm on Crim Prac to Chief Admin Judge of Cts of St of NY at 156-157). Eligibility for sentencing as a persistent felony offender makes an offense "qualifying" under CPL 510.10(4)(s). Therefore, the Advisory Committee on Criminal Law and Procedure's detailed finding regarding the legislative intent and the ambiguity in CPL 530.20(2) would also resolve the conflict between the provisions in the same way as the Supreme Court found in Bradley.
The only indication of a resolution of the conflict in the text of the statute appears in CPL 530.20(1)(b) where the Legislature — in reference to qualifying offenses - specifically included the language that "the court, unless otherwise prohibited by law, may in its discretion release the principal pending trial on the principal's own recognizance or under non-monetary conditions, fix bail, order non-monetary conditions in conjunction with fixing bail, or, where the defendant is charged with a qualifying offense which is a felony, the court may commit the principal to the custody of the sheriff." The language of 'unless otherwise prohibited by law' regarding qualifying offenses is conspicuously absent from CPL 530.20(1)(a) that deals with non-qualifying offenses. I find that this conspicuous absence of that provision for non-qualifying was a choice by the Legislature that prohibitions from release such as the double predicate rule should not apply to non-qualifying offenses, which is the same distinction that the Legislature made throughout the rest of the statute.
In evaluating the conflict between the two statutes, I also consider the practical implications of resolving the conflict. 
To interpret CPL 530.20(2)(a) as overriding CPL 530.20(1)(a), would mean that a defendant charged with a non-qualifying offense who has two or more prior felony convictions when arraigned in a lower court is required to be remanded to the custody of the sheriff in the lower court, but then on a bail application to superior court pursuant to CPL 530.30(1) would require the superior court to release the defendant either on their own recognizance or under non-monetary conditions. 
A process that requires a lower court to hold and a superior court to release creates an absurd lack of judicial economy and cannot have been the intent of the Legislature when enacting bail reform. Therefore, the public policy of judicial economy and the interest of justice both argue in favor of resolving this issue by finding that the "double predicate rule" applies only to defendants charged with qualifying offenses.
For all these reasons, the Court finds that lower courts have the jurisdiction, authority, and discretion to release on recognizance or under non-monetary conditions when a defendant is charged by felony complaint with a non-qualifying offense and has two prior felony convictions.
This Court expressly concurs with reasoning and adopts the rulings of the New York State [*4]Supreme Court Justices in People ex rel Bradley v Baxter, 79 Misc 3d 988 (Sup Ct Monroe Cty 2023) and Parker v Hilton, EFC-2023-1580 (Sup Ct Oswego Cty, January 22, 2024), and the Court has considered and declines to follow People v Arroyo, 79 Misc 3d 1213(A) (Rochester City Ct 2023). 
Accordingly, it is
ORDERED that the defendant's application is GRANTED pursuant to CPL 530.30 (1)(b).
The above constitutes the Decision and Order of the Court.
Dated: May 6, 2024
Rochester, New York
HON. MICHAEL L. DOLLINGER
Monroe County Court Judge
To understand the limitations on court's discretion and authority from these provisions and to address a possible conflict between them, the Court first will reiterate that, under changes by the legislature that went into effect in 2020, courts are authorized to take several actions to reasonably ensure a defendant's return to court that are in the following categories:
order a defendant released on their own recognizance;
release the defendant pending trial under non-monetary conditions;
fix cash bail, and potentially non-monetary conditions in addition to bail; or
remand the defendant to the custody of the sheriff.
Considering those options and when viewing CPL § 530.20, either the 'non-qualifying offense provision' and the 'double predicate provision' could be read to conflict or there is, on first blush, a narrow threading of the needle that could be read to find only that the options of the local court are reduced to a single choice. However, as set forth herein, the narrow threading of the needle cannot be possible when applied across the statutory scheme.
Under the threading of the needle scenario where a defendant has two prior felony convictions and faces a non-qualifying offense, the Court could first find that CPL § 530.20(2)(a) (the "double predicate provision") eliminates options one, "(i) order a defendant released on their own recognizance", and three, "(iii) fix cash bail . . ." Then CPL § 530.20(1)(a) (the "non-qualifying offense provision") eliminates option four, "(iv) remand the defendant to the custody of the sheriff". Thus, under this very narrow, threading the needle, reading, the local court could find both provisions together require a defendant with two prior felony convictions facing a non-qualifying offense to be released on non-monetary conditions. 
While this may be a viable path to read the statutes together in a way that does not cause an absurd result, the same logic would then have to apply to a reading of CPL § 530.20(2)(a) (the "double predicate provision") and CPL § 530.20(1)(b) (the "qualifying offense provision"). Under the same logic used in the thread needling scenario laid out above, the "double predicate provision" would again knock out a lower court's discretion to use option one, "(i) order a [*5]defendant released on their own recognizance", and three, "(iii) fix cash bail . . ." The qualifying offense provision would not knock out any options. Thus, the lower courts would be left with the only two options for a double predicate felon of either (ii) releasing a defendant to non-monetary conditions or (iv) remanding the defendant to the custody of the sheriff, without the opportunity for placing bail amounts. When considering the entire securing order scheme, the legislature could not possibly have intended that on a qualifying felony offense for an individual facing a possible life sentence that the only two options for a lower court would be to release a defendant on non-monetary conditions or remand the defendant as such a result would be absurd.Therefore, this very technical reading of the language of the CPL § 530.20(2)(a) statute is an inappropriate parsing of the language of that statute.
Recognizing the conflict, the courts must then resolve the conflict by ascertaining and giving effect to the intent of the Legislature in enacting the statute. Some courts have taken the position that CPL § 530.20(2)(a)(ii) acts as an override over the remainder of CPL § 530.20. However, there is no provision in CPL § 530.20, or anywhere else in the law, that states which provision should take preference. The only indicator of possible resolution of the conflict in the actual text of the statute appears in CPL 530.20(1)(b) where the legislature — in reference to qualifying offenses - specifically included the language that "the court, unless otherwise prohibited by law, may in its discretion release the principal pending trial on the principal's own recognizance or under non-monetary conditions, fix bail, order non-monetary conditions in conjunction with fixing bail, or, where the defendant is charged with a qualifying offense which is a felony, the court may commit the principal to the custody of the sheriff." The language of 'unless otherwise prohibited by law' regarding qualifying offenses is conspicuously absent from CPL 530.20(1)(a) that deals with non-qualifying offenses. A possible reason for this absence in the text of that provision was a choice by the legislature that release on non-qualifying felony offenses should be treated differently than qualifying felony offenses and that conflict is a result of a long-standing ambiguity in the 'double predicate provision' regarding the two prior felony convictions.
The long-standing ambiguity is in fact raised by the Report of the Advisory Committee on Criminal Law and Procedure to the Chief Administrative Judge of the Courts of the State of New York that examined the issue and stated the "Legislature never intended that these courts be stripped of the jurisdiction to set bail unless a defendants prior felony convictions could be used for life imprisonment sentences" (p 168-169). As possible persistent sentencing would make an offense "qualifying" under CPL 510.10(4)(s), any penal law felony offense would become a qualifying offense if committed by an individual with two or more prior felonies. Therefore, the Advisory Committee on Criminal Law and Procedure's detailed finding regarding the legislative intent and the ambiguity in CPL 530.20(2) would actually resolve the conflict between the provisions at issue here.
This finding of the ambiguity and the harmonious resolution of the conflict by reading CPL § 530.20(2) to be focused on defendants facing qualifying felony offenses is the same conclusion not only reached by the Advisory Committee, but also by the only two New York State Supreme Court Justices to address the issue.
CPL 530.30(1)(b) — Did the lower court deny an application for release?
While it appears that the lower court denied the defendant's request for release based on the mistaken belief that the lower court lacked authority to issue an order of release on recognizance [*6]or under non-monetary conditions, the lower court did in fact deny defendant's application for release. Therefore, the Court finds that the Court can consider the application to change the lower court's improper securing order under CPL § 530.30(1)(b).
Securing Determination Pursuant to CPL §§ 530.30(1) & 510.10
Now that the Court has determined that this bail review application is proper under CPL § 530.30(1)(b), this Court must now make an individualized determination in accordance with CPL § 510.10.
To begin this analysis, the Court must first make a determination of whether the Court releasing the defendant on his own recognizance would "reasonably assure" the defendant's return to court. If the Court makes a determination, pursuant to CPL § 510.10(1), that release on recognizance would not reasonably assure the defendant's return to court, then the Court can consider more restrictive securing orders. As this is a non-qualifying offense, the Court's discretion on more restrictive securing orders is limited by CPL § 510.10(3) to non-monetary conditions.
Here, the Court makes a determination, on consent of both parties, that the release on recognizance would not reasonably assure the defendant's return to Court. This determination is based on, but not limited to, the defendant's criminal history, the nature of the charges facing the defendant, and ____________. Therefore, the Court is imposing the more restrictive form of release to non-monetary conditions. Both parties have consented to the non-monetary condition being report to pretrial services. The Court finds this agreed upon securing order to be reasonable and appropriate.